SIMON VS THOMPSON.

Opinion delivered January 14, 1898.

*1. Master's Report—Judgment Upon in Vacation Void.*

> The master in chancery to whom this case was referred, too
> certain testimony and reported not only upon the question (
> allowing interloctutory orders, but upon the facts and accon
> panied with conclusions of law upon the case. The mast
> concluded as a matter of law, that the complainant was n(
> entitled to the relief prayed for. The next day the court
> vacation confirmed the master's report. *Held*, The mast
> having reported that the complainant was not entitled to th
> relief prayed for, this was a final judgment upon the meri
> and having been made in vacation, was void.

*2. Judgment in Vacation upon Master's Report not Cured by Subseque
Judgment in Term Time.*

> After judgment upon the report of the Master had been render
> in vacation, the plaintiff filed a motion to require the mast
> to return the testimony taken by him upon which he based h
> report, and the motion to vacate the judgment of the cou
> entered in vacation. The master supplied what purported
> be the evidence taken. The court overruled the motion to s
> aside the judgment rendered in vacation, and again confirm
> the master's report, and rendered judgment for defendant
> on the hearing of defendant's motion for confirming the m
> ter's report. The evidence showed that the only matter tri
> at the hearing before the master, was for temporary relief on
> That the evidence was not written down at the examinati(
> no opportunity was given plaintiff to introduce any evider
> upon the merits. *Held*, The judgment for defendant upon t
> merits was erroneous.

Appeal from the United States Court for the Southe
District.

C. B. KILGORE, Judge.

Suit in equity by Harry Simon against J. B. Thompson and others. Judgment for defendants. Plaintiff appeals. Reversed.

The complaint in this case, filed in the United States court at Purcell December 23, 1895, alleged that about the 5th day of August, 1895, the plaintiff borrowed from the firm of Turk Bros. & Co., of Purcell; Ind. Ter., the sum of $2,000, to buy a certain stock of goods and fixtures; that to secure the debt thereby contracted, the plaintiff pledged the stock of goods and fixtures to Turk Bros. & Co., and permitted Turk Bros. & Co., to hold and insure the same in their name; that said stock of goods was replenished from time to time by the plaintiff; that on the 19th day of November, 1895, Turk Bros. & Co. executed an assignment of their property to J. B. Thompson, for the benefit of their creditors, and transferred to him, as a part of their estate, the stock of goods and fixtures mentioned, together with the insurance policies held by them as security for the debt; that at that time, and at the the time the complaint was filed, a part of the debt remained unpaid; that defendant J. B. Thompson, as assignee of Turk Bros. & Co., had taken possession of the stock of goods and insurance policies, claiming to own the same as a part of the property of Turk Bros. & Co., conveyed to him in the assignment; that the plaintiff had demanded possession of the goods and insurance policies from J. B. Thompson, who refused to deliver them. The plaintiff prayed that J. B. Thompson be restrained from selling the goods under the deed of assignment, that a receiver be appointed to take charge of the property and manage the business pending the litigation, that an accounting be had of the amount due by plaintiff to defendant, and that the plaintiff be allowed to pay the amount due on the debt owing to Turk Bros. & Co., and to redeem the stock of goods and fixtures, and for such other relief as he may be entitled to. None of the defendants, ex-

cept J. B. Thompson, as assignee for said Turk Bros. & Co. answered in the case. In his answer, J. B. Thompson, as assignee, denied that Harris Simon ever had any interest o title to the property sued for, or that he ever had posses sion of any part of it, except as the agent of Turk Bros. Co., and alleged that Turk Bros. & Co., were the exclusiv owners of the property, and conveyed to him the title t the property in the deed of assignment, and set up title t the same as their assignee. The plaintiff gave the defend ants notice that he would apply to the master in chancer for a temporary restraining order, and for the appointmen of a receiver. At the hearing in response to this notice th issues between the plaintiff and the defendant were invest gated before the master in chancery. The master in cha cery filed his report in court, denying the relief prayed fo When this report was filed it was brought up before Judg Kilgore at his chambers in Ardmore, and he made and ord confirming the same, and denying the application for th appointment of a receiver, and for the injunction restrainin the sale of the goods sued for under the assignment. F further ordered that the costs of the proceedings be tax against the plaintiff, Harris Simon. At the April term court, at Purcell, where the case was pending, plaintiff fil exceptions to the master's report, and in connection ther with a motion to require the master in chancery to retu into court the testimony taken before him. In response this motion the master in chancery filed in court the tes mony taken before him at the hearing. When the case w called for trial the exceptions to the report of the master chancery were overruled, and the court proceded, on fendant's motion, to enter up judgment according to t recommendations in the master's report. To this action the court the plaintiff duly excepted, and his exception w allowed. A motion for a new trial by the plaintiff was du overruled, and he has appealed to this court.

*J. W. Hocker*, *Zol J Woods* for appellant.

1. The hearing before the Master was merely upon interlocutory motions and the judgment of the court in vacation rendered upon the report of the Master was void. Brumley vs State, 20 Ark. 77; Grimmett vs Askew, 48 Ark. 51; s. c. 2 S. W. 707. And this was not cured by the court when it met entering judgment again upon a report of the Master which was written out from memory four months after the hearing. Hicks vs Hogan, 36 Ark. 298. There was a question of fact in this case, as well as a question of law and the question of fact should have been submitted to a jury. Oconnor vs Cook, 8 Ves Jr. 535; State vs Churchill, 48 Ark. 426; s. c. 3 S. W. 352.

2. Plaintiff's bill states a cause of action entitling him to relief in equity. Hart vs Ten Eyck. 2 Johnson, 62; Kiff vs Stoddard, (Conn.) 21 L. R. A. 102; Blodgett vs Blodgett, 48 Vt. 33; Merrell vs Houghton, 51 N. H, 61; Jones on Pledges, (1883) § 557; Rogers vs Yarnall, 10 S. W. 22, s. c., 51 Ark. 198. Again under the liberal provisions of the code; it was error to dismiss the bill, even if plaintiff had mistaken his remedy; he should have been allowed to amend his petition. Organ vs Railway, 51 Ark. 235; s. c., S. W. 96; Ashley vs Little Lock, 56 Ark. 392; s. c., 19 W. 1058.

*W. A. Ledbetter*, and *S. T. Bledsoe* for appellee.

No brief is on file for appellee.

SPRINGER, C. J., (after stafing the facts). Counsel for appellant assign the following errors in this case: (1) the court erred in overrulind the motion to vacate the judgment, because said judgment was entered in vacation, and not in term time; the hearing of the cause was in cham-

bers, and not in open court; was ex parte; not had at a time and place of which the plaintiff had any notice to appear, or knowledge of the proceedings; because the judgment was rendered without any hearing as to the merits. (2) The court erred in not sustaining the plaintiff's exceptions to the master's report, and in sustaining the motion of defendants to confirm the report of the master, because there was no testimony before the court to support the finding of the master, and the court simply followed the opinion of the master, without inquiring into the testimony upon which such opinion was based; thereby, in effect, delegating the power and authority of a judge to hear and finally determine, to the master. (3) The court erred in overruling plaintiff's motion for a new trial, because a full hearing of the merits of the case had been denied the plaintiff, and because the judgment of the court was not sustained by any testimony produced before the court. (4) Because the manner of proceeding in this case is wholly unknown to the law and our system of jurisprudence. We will consider these assignments of error in their order.

It seems that the master in chancery, to whom the case was referred by the court, at the hearing of the petition of appellant for a restraining order and for the appointment of a receiver, took certain testimony, and reported, not only on the question of allowing the interlocutory orders, but upon on the facts, and accompanied his conclusions of fact with his conclusions upon the law of the case. This hearing was at Purcell, and in vacation. The master stated at the conclusion of his findings of fact as follows: "I conclude, as a matter of law, from the foregoing findings, that the complainant is not entitled to the relief prayed for, and so report." On the following day, at Ardmore, without notice to the plaintiff, the judge, in chambers, passed upon the master's report, confirmed the same, and ordered that the plaintiff forthwith pay all the costs, including a fee of $50 for M

Hobby, the master. The master did not submit to the judge, in chambers, at this time, the testimony upon which he found the facts in the case. When the court assembled at Purcell, the appellant moved the court to vacate the judgment entered in vacation at Ardmore, because the same was entered in vacation, as stated in his first assignment of error above set forth. It is conceded by counsel for the appellees that, if the order in question be considered a final judgment on the merits of the case, it is void, for the reason that it appears to have been entered in vacation. But counsel for appellees further insist that the court's refusal to vacate this order is immaterial, for the reason that the whole matter came up again in open court at Purcell, and a final judgment was there entered in the case. The judgment of the court in *Master's Report—Final Judgment.* vacation at Ardmore confirmed the master's report in all respects; and, the master having reported that the complainant was not entitled to the relief prayed for, this was a final judgment upon the merits, and, having been made in vacation, it was void. Whether this error was cured by the subsequent action of the court at Purcell will appear upon consideration of the second assignment of error.

In the court at Purcell the appellant filed a motion to require the master to return the testimony taken by him, and upon which he had based his report and recommendations, to court; and he also filed exceptions to the master's report, and a motion to vacate the judgment of the court entered in vacation at Ardmore. The master undertook to comply with the motion to require him to supply the testimony, and filed in court what he certified was a substantial copy of the testimony produced before him. The appellant then submitted affidavits of the witnesses who testified before the master, and filed them in support of his exceptions to the master's report, which affidavits contradicted the testimony as furnished by the master. The court overruled the

(41)

motion to set aside the judgment rendered in vacation a
Ardmore.   The appellees then filed a motion that the mas
ter's report be confirmed, which motion was sustained
To this action of the court the appellant excepted.   Th
appellees also moved that they have judgment in the case
and filed the evidence taken before the master in support o
their motion.    The transcript contains this statemen
"Which said motion was opposed by the plaintiff by reaso
of the affidavits of J. W. Hocker, Harris Simon, and
Spitzer, and introducing in evidence the notice attached t
the original summons herein, all of which are fully set fort
in bill of exceptions No. 2; which said motion is sustained b
the court, and judgment given for the defendants; to whic
action of the court the plaintiff excepted, and exception wa
in open court allowed." The affidavit of J. W. Hocker, t
which reference is made, was to the effect that the only ma
ter tried at the hearing before the master was the questio
as to whether the plaintiff was entitled to the temporary r
lief sought; that the testimony of the witnesses was n
written down at the examination, but that the evidence r
turned into court by the master was written out by the ma
ter over four months after the taking of the same, from h
memory, and without talking to the witnesses, or all
them; that the statement of what the testimony was, a
shown by the testimony returned, is not as affiant understo
the same to be; that affiant understood that the hearing b
fore the master was not on the issues in the case, but only
the matter of granting the temporary order of injunction a
appointing the receiver; that the hearing was not a fin
trial; that affiant did not at the time intend, as counsel f
appellant, to enter into a final trial, but simply to ascerta
whether or not the temporary relief should be granted. T
affidavit of Harris Simon, referred to above, was to the eff
that he was one of the witnesses who testified at the hearin
on the application for an injunction before the master

chancery, and that the testimony returned into court by the said master as having been given by him was not correct, and that he did not testify in substance as set forth in said report. Notwithstanding the affidavits submitted to the court by the appellant in resisting the motion to enter judgment for the defendants, the motion was allowed, and final judgment entered for the defendants below (the appellees in this case.) It is evident from all the facts in this case that the court erred in entering final judgment in this case; that the testimony upon which the same was based had been taken in a proceeding for temporary injunction, and for the appointment of a receiver; that the real merits of the case had never been investigated; and that the case was not in a condition in which final judgment could be entered. The appellant was entitled to a hearing upon his complaint in equity. He had prayed, in addition to his application for a restraining order and for a receiver, " that an accounting be had of the amount due from plaintiff to defendant; that plaintiff be allowed to pay said amount, and redeem said stock of goods, fixtures, and stores, and such general and special relief as in equity and good conscience, in the premises, the court may deem fit and proper." No opportunity was offered the appellant in the court below to introduce evidence and obtain the judgment of the court upon this prayer. The judgment for defendants on the merits of the case was an error which entitles the appellant to a reversal of the judgment and a new trial.

The third assignment, that the court erred in overruling plaintiff's motion for a new trial, and the fourth assignment, that the proceeding in the case is wholly unknown to the law and our system of jurisprudence, do not require any further consideration, in view of the opinion of the court sustaining the second assignment of error. The judgment of the court below is reversed, and the cause remanded, with instructions to proceed in accordance with this opinion.

CLAYTON and THOMAS, JJ., concur. TOWNSEND, J., did not participate in the case.